UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO MARTINEZ, RICHARD FRANKE, and IRENE MOY, both individually and on behalf of all other similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>BLOOMBERG L.P.,<br>    Defendant. | Case No.:<br><br>COLLECTIVE ACTION COMPLAINT |

## INTRODUCTION

1.    This is a Fair Labor Standards Act (FLSA) collective action brought to remedy Defendant Bloomberg L.P.'s unlawful refusal to pay Installations representatives overtime at the rate of time and one-half the regular rate of pay for all hours worked over 40 in a workweek.

2.    Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorneys' fees, service awards, as well as declaratory relief under the FLSA, 29 U.S.C. §201 *et seq.*

## JURISDICTION

3.    Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

## VENUE

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b). Plaintiffs worked for Defendant in this District. The cause of action arose in this District. Many Plaintiffs reside in this District. Defendant resides in this District.

## PARTIES

### A.    Plaintiffs

5.  Named Plaintiff Richard Franke was an employee of Defendant in New York and his Consent to Sue is attached at the back of this complaint.

6.  Named Plaintiff Richard Franke is a resident of New York.

7.  Named Plaintiff Julio Martinez was an employee of Defendant in New York and his Consent to Sue is attached at the back of this complaint.

8.   Named Plaintiff Julio Martinez is a resident of New York.

9.  Named Plaintiff Irene Moy was an employee of Defendant in New York and her Consent to Sue is attached at the back of this complaint.

10. The Named Plaintiffs represent a class of "all Installations representatives in the Installations Department who were not paid time and one-half for hours over 40 worked in one or more weeks."

11. The term "Plaintiffs" as used in this complaint refers to the Named Plaintiffs and any additional represented parties pursuant to the collective action provision of 29 U.S.C. §216(b) as described below, individually, collectively, or in any combination.

12. Plaintiffs were engaged in commerce while working for Defendant.

**B.      Represented Parties Under the FLSA**

13.    The Named Plaintiffs bring this case as a collective action for class members consisting of "all Installations representatives in the Installations Department who were not paid time and one-half for hours over 40 worked in one or more weeks" within the three years preceding the filing of a consent to sue by such individual and the date of final judgment in this matter.

14.    Plaintiffs generally have the position title of "Installations Representative" within the Installations Department. The position is also referred to by other names including, but not limited to, "Global Installations Representative," "Installations Coordinator," or "Global Installations Coordinator." In this Complaint, the position is collectively referred to as "Installations representative."

15.    The class consists of individuals who worked in the Installations Department anywhere in the United States, including New York.

**D.      Defendant**

16.    Defendant Bloomberg L.P. is a Delaware company registered in New York. The Defendant lists its business address as 731 Lexington Avenue, New York, New York 10022.

17.    Defendant's business is a multinational mass media corporation that provides financial software tools such as analytics and equity trading platforms, data services and news to financial companies and organizations around the world through the Bloomberg Terminal.

18.    Defendant maintains an Installations Department in New York City, New York.

19.   Upon information and belief, Defendant grossed more than $500,000 in each of the past six years.

20.   Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

**FACTS**

21.   Plaintiff Richard Franke was employed by Defendant.

22.   Plaintiff Richard Franke was employed by Defendant in New York City.

23.   Plaintiff Richard Franke began his work as an Installations representative in the Installations Department in New York City in approximately June 2012. He worked in the Installations representative position until his employment ended in approximately October 2014.

24.   Plaintiff Julio Martinez was employed by Defendant.

25.   Plaintiff Julio Martinez was employed by Defendant in New York City.

26.   Plaintiff Julio Martinez began his work as an Installations representative in the Installations Department in New York City in approximately 2004. He worked in the Installations representative position until his employment ended in approximately March 2015.

27.   Plaintiff Irene Moy was employed by Defendant.

28.   Plaintiff Irene Moy was employed by Defendant in New York City.

29.   Plaintiff Irene Moy began her work as an Installations representative in New York City in approximately July 2015. She worked in the Installations representative position until her employment ended in approximately November 2016.

30. Bloomberg's Installations Department is the Bloomberg call center responsible for providing customers with a human contact during the process of installing products or services while other Bloomberg departments carry out the various tasks involved in the installation process.

31. Plaintiffs are in contact with customers during the installation process through phone calls, emails, and instant messages.

32. Installations representatives provide information and basic technical support to new and existing assigned customers during the installation of Bloomberg's products and services.

33. Defendant advertises the Installations representative position in the Installations Department as an "entry level" position.

34. Installations representatives work in the same area as representatives in the Global Customer Support ("GCUS") and the Global Technical Support ("GTECH") call centers. GCUS representatives route customer calls and provide general customer support to Bloomberg's customers. GTEC representatives provide technical support, assist customers with troubleshooting, and answer questions about Bloomberg's software and hardware.

35. Plaintiffs regularly worked more than 40 hours per week for Defendant.

36. Plaintiffs were generally scheduled for five eight-hour shifts (nine hours with a one hour meal break during the work day).

37. Plaintiffs worked before their shift began to log into Defendant's computer system.

38. Plaintiffs worked past the end of their shifts to complete their assigned work.

39. Plaintiffs worked during their meal breaks to complete their assigned work.

40.    Plaintiffs worked weekends and outside of their scheduled shifts to be in contact with customers during scheduled installations.

41.    Defendant knew that Plaintiffs worked during installations that were regularly scheduled outside of outside of Plaintiffs' scheduled shifts.

42.    Plaintiffs worked outside of their scheduled shift in order to accommodate the customer's installation schedule.

43.    Plaintiffs performed work at home, including studying to stay up to date with new products and procedures and/or to learning about different issues regarding the Bloomberg software.

44.    Defendant knew or should have known that Plaintiffs worked before their scheduled shifts, during their meal breaks, beyond their scheduled shift hours, on weekends, and at home.

45.    Defendant suffered or permitted Plaintiffs to work for its benefit off-the-clock.

46.    Because of all the work performed beyond the scheduled 40 hour shifts, including working through meal breaks, Plaintiffs regularly worked more than 40 hours a week.

47.    Defendant failed to set up a time-keeping system that would record all the hours that Plaintiffs worked.

48.    Defendant failed to record the exact work hours of Plaintiffs.

49.    Defendant required Plaintiffs to perform work in addition to their regular shifts, including work on weekends and holidays, for which Defendant failed to pay overtime, but for which it allowed Plaintiffs to take "comp time" in a later pay week, under various restrictive conditions.

50.     Prior to beginning work, Defendant communicated to Plaintiffs that they would be required to work five eight-hour shifts per week, for which they would be paid a salary.

51.     Defendant paid Plaintiffs a salary rate for five eight-hour work shifts.

52.     The salary Defendant paid to Plaintiffs was intended to cover a forty-hour workweek.

53.     Defendant failed to pay Plaintiffs overtime compensation at the rate of time and one-half the regular rate of pay for all hours worked over 40 in a workweek.

54.     Defendant failed to pay Plaintiffs any compensation for their hours over 40 worked in a work week.

55.     Defendant's failure to pay Plaintiffs the proper wages required by law was willful.

56.     All actions and omissions described in this complaint were made by Defendant directly or through its supervisory employees and agents.

## CAUSE OF ACTION
### (OVERTIME)

57.     Defendant failed to pay premium overtime wages to the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, §207 *et seq.* and its implementing regulations.

58.     Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and interest thereon.

59.     Defendant's failure to pay proper premium overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

WHEREFORE, Plaintiffs request that this Court enter an order:

A.  Certifying this proceeding as a collective action under §216(b) of the FLSA and

    ordering notice to the putative class members at the earliest opportunity to ensure

    class members' claims are not lost to the FLSA statute of limitations;

B.  Declaring that the Defendant violated the Fair Labor Standards Act;

C.  Declaring that the Defendant's violations of overtime protections were willful;

D.  Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by

    the Fair Labor Standards Act as well as an equal amount in liquidated damages

    and awarding the Plaintiffs' costs and reasonable attorneys' fees, and service

    awards; and

E.  Granting such further relief as the Court finds just.

Dated: June 16, 2017

Respectfully Submitted,

Matthew Dunn (MD1103)
Artemio Guerra
Getman, Sweeney & Dunn, PLLC
9 Paradies Lane
New Paltz, NY  12561
Tel: (845) 255-9370

ATTORNEYS FOR PLAINTIFFS

# CONSENT TO SUE UNDER THE FLSA

I, Julio Martinez,  hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs, service awards, and other relief arising out of my employment at Bloomberg LP and any other associated parties. I authorize Getman, Sweeney and Dunn, PLLC, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 5/31/17

Julio Martinez

# CONSENT TO SUE UNDER THE FLSA

I, Richard Franke,  hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs, service awards, and other relief arising out of my employment at Bloomberg LP and any other associated parties. I authorize Getman, Sweeney and Dunn, PLLC, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 06/02/17

_____
Richard Franke

# CONSENT TO SUE UNDER THE FLSA

I, Irene Moy,  hereby consent to be a plaintiff in an action under the Fair
Labor Standards Act, 29 U.S.C. § 201 et seq., to secure any unpaid wages,
overtime pay, liquidated damages, attorneys' fees, costs, service awards, and
other relief arising out of my employment at Bloomberg LP and any other
associated parties. I authorize Getman, Sweeney and Dunn, PLLC, and any
associated attorneys as well as any successors or assigns, to represent me in
such action.

Dated: 6-13-2017

Irene Moy