UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO MARTINEZ, RICHARD FRANKE, and IRENE MOY<br><br>        Plaintiffs,<br>   v.<br><br>BLOOMBERG L.P.,<br><br>        Defendant. | 1:17-CV-4555 (RMB)(DCF) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## I. INTRODUCTION

Julio Martinez, Richard Franke and Irene Moy (collectively, "Plaintiffs") assert claims against Bloomberg L.P. ("Bloomberg") under the Fair Labor Standard Act ("FLSA"), alleging that they were entitled to and not paid overtime for hours worked in excess of 40 hours per week. To adequately plead their claims, Plaintiffs were required to draw on their respective memories and experiences at Bloomberg in setting forth specific facts plausibly demonstrating that they in fact worked in excess of 40 hours in a week without compensation. Plaintiffs have failed to do so. They allege a mere conclusory and formulaic recitation of the elements of an overtime claim, which courts uniformly hold is insufficient to state a claim. Pursuant to Rule 12(b)(6), Plaintiffs' Complaint must be dismissed because it is devoid of factual allegations that raise the right to relief above the speculative level.

## II. FACTUAL BACKGROUND[1]

Bloomberg is a multinational company that provides financial software tools, data services, and news to financial companies and organizations around the world. (Dkt. 1 ¶ 17.) Plaintiffs are former Bloomberg employees who worked as Installations Representatives at varying points in time between 2004 and 2016. (*Id*. at ¶¶ 23, 26, 29.) Plaintiffs Franke and Martinez worked as Installations Representatives from approximately June 2012 until October 2014, and 2004 until March 2015, respectively. (*Id*. at ¶¶ 23, 26.) Plaintiff Moy started after both Franke and Martinez left; she worked as an Installations Representative from approximately July 2015 until November 2016. (*Id*. at ¶ 29.)

Plaintiffs were "generally scheduled for five eight-hours shifts (nine hours with a one hour meal break during the work day)." (*Id*. at ¶ 36.) Plaintiffs allege, however, that they

---

[1] For the purposes of this motion only, Bloomberg does not dispute the facts alleged in the Complaint.

engaged in a range of "off-the-clock" activities: (1) logging on to Bloomberg's computer system before their shift began; (2) working past the end of their shifts; (3) working during meal breaks; (4) working on weekends and outside of their scheduled shifts; and (5) studying at home to stay up to date with products and procedures. (*Id*. at ¶¶ 37-40, 43.) Based on these allegations, Plaintiffs assert that they "regularly worked more than 40 hours per week" and that Bloomberg failed to pay them overtime compensation for hours in excess of 40 hours in a work week. (*Id*. at ¶¶ 35, 46, 54.)

## ARGUMENT

I. **PLAINTIFFS HAVE NOT MET THE RULE 12(B)(6) PLEADING STANDARD.**

   A. **Plaintiffs Have Not Plausibly Alleged Overtime Claims.**

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Mere conclusory statements - "labels and conclusions or a formulaic recitation of the elements of a cause of action" – are insufficient. *Id*. (internal quotations omitted).

"To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). This requires that Plaintiffs "draw on" their "memory and experience" in attempting to provide "complaints with sufficiently developed factual allegations." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013). Plaintiffs cannot meet their burden merely by alleging, for example, that in "some or all weeks" they

worked "more than forty hours," as this is "no more than rephrasing the FLSA's formulation specifically set forth in section 207(a)(1)." *Id*. at 89.

Courts in the Second Circuit routinely dismiss overtime claims where plaintiffs allege, as do Plaintiffs here, merely that they "regularly" or "typically" worked over 40 hours in a week. *See, e.g., Johnson v. Equinox Holdings, Inc.*, No. 13 CIV. 6313 RMB JLC, 2014 WL 3058438, at *3-4 (S.D.N.Y. July 2, 2014) (Berman, J.) (dismissing overtime claim because plaintiff's "generalized and imprecise allegations" that he "typically worked between twenty one and fifty hours per week" insufficient to support overtime claim); *Bustillos v. Acad. Bus, LLC*, No. 13 CIV. 565 AJN, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (plaintiff's "bare allegation" that he regularly worked 60 to 90 hours per week found insufficient); *Amponin v. Olayan Am. Corp.*, No. 14 CIV. 2008 TPG, 2015 WL 1190080, at *3 (S.D.N.Y. Mar. 16, 2015) (dismissing claim where plaintiff alleged that she "routinely worked over forty (40) hours per week" and was never paid overtime); *Nardiello v. Maureen's Kitchen, Inc.*, No. 14-CV-4070 JS AKT, 2015 WL 1223804, at *3 (E.D.N.Y. Mar. 17, 2015) (dismissing claim where plaintiffs alleged that they "regularly worked more than 40 hours per week," without any specifics supporting contention); *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 289 (S.D.N.Y. 2014) (dismissing claim where plaintiff alleged that at all relevant times he worked more than 40 hours per week).

Plaintiffs' allegation that they "regularly worked more than 40 hours per week for Defendant" (Dkt. 1 ¶ 35) is the same threadbare and conclusory allegation that courts uniformly rule is legally insufficient. *See supra*. Further, Plaintiffs make no attempt whatsoever to draw on their "memory and experience" to provide the "sufficiently detailed factual allegations" required by the Second Circuit. *Dejesus*, 726 F.3d at 90. While Plaintiffs allege that they were

3

"generally" scheduled for 40 hours per week (Dkt. 1 ¶ 36), they do not identify any particular week in which they in fact were scheduled to work 40 hours and did work the full 40 hours as well as some additional time.  Plaintiffs likewise fail to allege the frequency of the alleged off-the-clock work, or how long they performed any such off-the-clock work, or when during their respective tenures this alleged off-the-clock work occurred. (*Id*. at ¶¶ 35-46.)  Without such supporting detail, their Complaint is deficient and must be dismissed. *See, e.g., Johnson*, 2014 WL 3058438 at *4 (allegations that plaintiff performed three to four hours of off-the-clock work insufficient where plaintiff failed to identify weeks he worked more than 40 hours and amount of hours worked); *Amponin*, 2015 WL 1190080 at *3 ("plaintiff's allegations identify neither a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week. Without such key information, the court can only speculate as to whether plaintiff worked more than 40 hours in any particular week without receiving overtime pay.").

Plaintiffs cannot cure these deficiencies, moreover, by purporting to describe when during the day they allegedly worked outside of their shifts.  Thus, Plaintiffs' allegations that they logged on to Bloomberg's computer system before their shift began; worked past the end of their shifts, during meal breaks, or on weekends; and studied at home (Dkt. 1 ¶¶ 37-40, 43) do not constitute the types of factual detail necessary to state plausible claims. *See Nakahata*, 723 F.3d at 201(allegations that plaintiffs not compensated for off-the-clock work performed during meal breaks, before and after shifts, and during required trainings found insufficient because plaintiffs failed to provide detail about length and frequency of alleged unpaid work); *Ramos v. City of N.Y. Fire Dep't*, No. 13 CIV. 9225 KBF, 2014 WL 2111687, at *5 (S.D.N.Y. May 9, 2014) (plaintiffs' allegations of off-the-clock activities insufficient where they failed to allege

that any single plaintiff engaged in such activities during a week that he or she worked more than 40 hours). In short, Plaintiffs' Complaint contains nothing more than the same conclusory allegations that courts in the Second Circuit have repeatedly held are inadequate to state an overtime claim under the FLSA. Dismissal of Plaintiffs' Complaint is warranted in light of these deficiencies.

> **B.    Plaintiffs Have Failed to Plead The Required Individualized Allegations.**

Plaintiffs' Complaint is defective for a second reason: They make no effort individually to plead their respective overtime claims.

In order to state plausible FLSA overtime claims, each Plaintiff must *individually* plead sufficient facts to plausibly demonstrate that he or she worked more than 40 hours in a given workweek without overtime compensation. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114-115 (2d Cir. 2013) (examining each named plaintiff's allegations separately); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (same); *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 939 (N.D. Tex. 2014) ("The court must analyze each named plaintiff's claims individually when considering the motions to dismiss" FLSA overtime claims). Failure to plead claims individually warrants dismissal of the FLSA Complaint. *See Nardiello v. Maureen's Kitchen, Inc.*, No. 14-CV-4070 JS AKT, 2015 WL 1223804, at *3 (E.D.N.Y. Mar. 17, 2015) (dismissing complaint for failing to allege "how many days per week, for any week, *each* Plaintiff worked.") (emphasis added); *Rosario v. First Student Mgmt. LLC*, No. CV 15-6478, 2017 WL 1092333, at *5-6 (E.D. Pa. Mar. 23, 2017) (dismissing claims of 73 of 76 named plaintiffs; "each named plaintiff must establish that it has suffered a FLSA violation," and 73 of named plaintiffs failed to do so); *Angiulo v. Cty. of Westchester*, No. 11-CV-7823 CS, 2012 WL 5278523, at *4 (S.D.N.Y. Oct. 25, 2012) (dismissing complaint and denying leave to amend where court gave plaintiffs prior chance to amend and "specifically

5

noted the need for individualized allegations."). Indeed, to hold otherwise would obviate the principle that a plaintiff must draw on his or her memory and experiences in drafting a complaint with sufficiently developed factual allegations. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013); *see also Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014) ("[Plaintiff] is reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours.").

Here, Plaintiffs fail to plead *any* individualized details concerning their respective claims. Rather, they lump themselves together for purposes of their allegations. This is a clear attempt to mask Plaintiffs' inability individually to detail their working hours and circumstances. But these details are essential because Plaintiffs' alleged off-the-clock activity was performed "to accommodate the customer's installation schedule" (*id*. at ¶ 42), which necessarily would have differed customer-to-customer and week-to-week. Lacking individualized allegations, the Complaint does not satisfy the governing standards and must be dismissed. *See Lundy*, 711 F.3d at 114; *Dejesus*, 726 F.3d at 90, *Nardiello*, 2015 WL 1223804 at *3.

## CONCLUSION

For the foregoing reasons, Bloomberg respectfully requests that this Court dismiss Plaintiffs' Complaint.

|  |  |
|---|---|
|  | JONES DAY |
| Dated: August 28, 2017 | By: __s/ Matthew W. Lampe_____<br>Matthew W. Lampe<br>Terri L. Chase<br>Eric Distelburger<br>JONES DAY<br>250 Vesey Street<br>New York, New York 10281<br>Tel: 212.326.3939<br>Fax: 212.755.7306<br>mwlampe@JonesDay.com<br>tlchase@jonesday.com<br>edistelburger@jonesday.com |

*Attorney for Defendant Bloomberg L.P.*