UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIO MARTINEZ, RICHARD FRANKE, and
IRENE MOY

                Plaintiffs,

    v.

BLOOMBERG L.P.,

                Defendant.

**1:17-CV-4555 (RMB)(DCF)**

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE</u>**

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................ 1

Background ......................................................................................................... 2

I.      Factual Background ................................................................................. 2

        A.      The Bloomberg Terminal ............................................................ 2

        B.      Installations Reps ........................................................................ 3

II.     Procedural History .................................................................................. 4

Argument ............................................................................................................ 5

I.      The Court Should Deny Plaintiffs' Motion as Moot ............................. 5

II.     Plaintiffs Do Not Satisfy the Conditional Certification Standard ......... 6

        A.      Plaintiffs Have Not Demonstrated a Common Unlawful Policy or Plan .............. 7

        B.      Plaintiffs Have Not Established That They Were Similarly Situated with
                Respect to Their Job Duties ...................................................... 10

III.    Plaintiffs' Proposed Notice and Consent Form are Defective .......... 13

IV.     Plaintiffs Should Not be Permitted to Send Notice Using Email ........ 16

V.      Plaintiffs Should Not be Allowed to Send a Reminder Notice ........... 16

VI.     Plaintiffs' request for dates of birth and Last four digits of Social Security
        Numbers should be denied as an invasion of privacy ......................... 17

VII.    Plaintiffs' Request for Employee Identification Numbers Should be Denied as
        Premature ............................................................................................ 18

Conclusion ...................................................................................................... 18

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ahmed v. T.J. Maxx Corp.*,
103 F. Supp. 3d 343 (E.D.N.Y. 2015) ...........................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................5

*Bah v. Shoe Mania, Inc.*,
No. 08CIV.9380LTSAJP, 2009 WL 1357223 (S.D.N.Y. May 13, 2009)........................14, 15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................................5

*Benavides v. Serenity Spa NY Inc.*,
166 F. Supp. 3d 474 (S.D.N.Y. 2016)...............................................................................15, 17

*Brabham v. Mega Tempering & Glass Corp.*,
No. 13–CV–54, 2013 WL 3357722 (E.D.N.Y. July 3, 2013) .................................................17

*Brown v. Barnes & Noble, Inc.*,
No. 16CV07333RAKHP, 2017 WL 1653576 (S.D.N.Y. May 2, 2017) .................................8

*Chen v. Major League Baseball*,
6 F. Supp. 3d 449 (S.D.N.Y. 2014), *aff'd sub nom. Chen v. Major League
Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015)..........................................................5

*Costello v. Kohl's Illinois, Inc.*,
No. 1:13-CV-1359-GHW, 2014 WL 4377931 (S.D.N.Y. Sept. 4, 2014)................................7

*Fraticelli v. MSG Holdings, L.P.*,
No. 13 CIV. 6518 JMF, 2014 WL 1807105 (S.D.N.Y. May 7, 2014) ................................6, 8

*Genesis Healthcare Corp. v. Symczyk*,
133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013).........................................................................5

*Gonzalez v. Scalinatella, Inc.*,
2013 WL 6171311 (S.D.N.Y. Nov. 25, 2013).....................................................................16

*Guan Ming Lin v. Benihana Nat. Corp.*,
    275 F.R.D. 165 (S.D.N.Y. 2011) ........................................................................18

*Guillen v. Marshalls of MA, Inc.*,
    750 F. Supp. 2d 469 (S.D.N.Y. 2010)........................................................6, 7, 9, 12

*Guzelgurgenli v. Prime Time Specials Inc.*,
    883 F. Supp. 2d 340 (E.D.N.Y. 2012) ...............................................................16

*Hallissey v. Am. Online, Inc.*,
    No. 99-CIV-3785 (KTD), 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) ...............14

*Hodzic v. Fedex Package Sys., Inc.*,
    No. CV 15-956, 2016 WL 6248078 (W.D. Pa. Oct. 26, 2016) .............................9

*Hoffman-LaRoche Inc. v. Sperling*,
    493 U.S. 165 (1989)............................................................................6, 11, 13

*Hoffmann v. Sbarro, Inc.*,
    982 F. Supp. 249 (S.D.N.Y. 1997)......................................................................5

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
    239 F.R.D. 363 (S.D.N.Y. 2007) .......................................................................15

*Jenkins v. TJX Cos. Inc.*,
    853 F. Supp. 2d 317 (E.D.N.Y. 2012) ...........................................................6, 7, 9

*Jie Zhang v. Wen Mei, Inc.*,
    2015 WL 6442545 (E.D.N.Y. Oct. 23, 2015).....................................................17

*Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*,
    No. 13-CV-60 ILG, 2013 WL 5132023 (E.D.N.Y. Sept. 12, 2013)......................12

*Karvaly v. eBay, Inc.*,
    245 F.R.D. 71 (E.D.N.Y. 2007) .........................................................................16

*Khan v. Airport Management Services, LLC*,
    No. 10 Civ. 7735(NRB), 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) ..........11, 12

*Mendoza v. Ashiya Sushi 5, Inc.*,
    No. 12 CIV. 8629 KPF, 2013 WL 5211839 (S.D.N.Y. Sept. 16, 2013)................14

*Mike v. Safeco Ins. Co.*,
    274 F. Supp. 2d 216 (D. Conn. 2003) ...............................................................12

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010)........................................................................... passim

*Qing Gu v. T.C. Chikurin, Inc.*,
   No. CV 2013-2322 SJ MDG, 2014 WL 1515877 (E.D.N.Y. Apr. 17, 2014) ..................11, 12

*Robinson v. Ryla Teleservices, Inc.*,
   No. 11–CV–131, 2011 WL 6667338 (S.D.Ala. Dec. 21, 2011)............................................17

*Romero v. Flaum Appetizing Corp.*,
   No. 07 CIV. 7222BSJ, 2009 WL 2591608 (S.D.N.Y. Aug. 17, 2009)...................................14

*Sanchez v. JMP Ventures, L.L.C.*,
   No. 13 CIV. 7264 KBF, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014)....................................12

*Shajan v. Barolo, Ltd.*,
   No. 10 CIV. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010)...................................14

*Sharma v. Burberry Ltd.*,
   52 F. Supp. 3d 443 (E.D.N.Y. 2014) ...................................................................................16

*Siegel v. Bloomberg L.P.*,
   No. 13-CV-1351 DLC, 2015 WL 223781 (S.D.N.Y. Jan. 16, 2015) ..................................8, 9

*Smallwood v. Illinois Bell Tel. Co.*,
   710 F.Supp.2d 746 (N.D.Ill.2010) ......................................................................................17

*Swigart v. Fifth Third Bank*,
   276 F.R.D. 210 (S.D. Ohio 2011) ..........................................................................14, 15, 18

*Vargas v. HSBC Bank USA, N.A.*,
   No. 11 CIV. 7887 DAB, 2012 WL 10235792 (S.D.N.Y. Aug. 9, 2012)................................12

*Velasquez v. Digital Page, Inc.*,
   No. CV 11-3892 LDW AKT, 2014 WL 2048425 (E.D.N.Y. May 19, 2014) .................13, 17

*Verkuilen v. MediaBank, LLC*,
   646 F.3d 979 (7th Cir. 2011) (Posner, J.) ..............................................................................9

*Warman v. Am. Nat'l Standards Inst.*,
   193 F. Supp. 3d 318 (S.D.N.Y. 2016)................................................................................7, 9

*White v. Baptist Mem'l Health Care Corp.*,
   699 F.3d 869 (6th Cir. 2012) .................................................................................................5

*Witteman v. Wis. Bell, Inc.*,
    2010 WL 446033 (W.D. Wis. Feb. 2, 2010)....................................................16, 17

*Young v. Cty. of Nassau*,
    No. 09 CV 3830, 2011 WL 4406957 (E.D.N.Y. Sept. 21, 2011) .............................5

*Zaldivar v. JMJ Caterers, Inc.*,
    166 F. Supp. 3d 310 (E.D.N.Y. 2016) .................................................................17

## STATUTES

29 C.F.R. § 541.700(a)...............................................................................................8, 9

29 U.S.C. § 216(b) ....................................................................................................6, 7

Fed.R.Civ.P. Rule 12(b)(6)...........................................................................................5

FLSA ................................................................................................................... passim

## <u>INTRODUCTION</u>

Plaintiffs are former Bloomberg L.P. ("Bloomberg") employees who claim that they were unlawfully denied overtime pay in violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs now move to conditionally certify a collective action consisting of Installations Representatives ("Installations Reps") who have worked hours over 40 in a week but were not paid overtime compensation (the "Motion").  The Motion should be denied for several reasons.

<u>First</u>, Plaintiffs have failed to plead plausible overtime claims even as to themselves and thus cannot bring claims on behalf of a putative collective.  As fully explained in Bloomberg's motion to dismiss (Dkt. 30), Plaintiffs have failed to plead specific facts plausibly demonstrating that any of them worked in excess of 40 hours in a week without compensation.  As a result, their Complaint should be dismissed.  (*Id*.)  Because their own claims fail at the pleading stage, Plaintiffs' Motion should be denied as moot.

<u>Second</u>, Plaintiffs' meager evidence fails to satisfy their burden to demonstrate that conditional certification is warranted.  Plaintiffs must make some factual showing of a common policy or plan that violated the law *and* must demonstrate that they and the proposed opt-in plaintiffs are similarly situated with respect to their job duties.  While their burden is a modest one at this stage, it is not non-existent.  And Plaintiffs fail to make even a modest showing on either of the two prongs.  First, Plaintiffs do not identify a single alleged unlawful common policy.  While they contend that Installations Reps worked hours over 40 without overtime compensation, Plaintiffs fail to make any showing that this policy was *unlawful*.

Second, Plaintiffs have not demonstrated that they are similarly situated to the putative collective with respect to job duties.  Their respective cookie-cutter declarations, in fact, indicate just the opposite.  For example, while Installations Reps have important project management

responsibilities and are tasked with advising Bloomberg clients on the integration of Bloomberg products into client networks, Plaintiffs describe their role only as scheduling installations, performing basic troubleshooting during installations, and notifying other departments when assistance was required.  Plaintiffs' declaration statements that the duties of other Installations Reps are similarly limited must be disregarded because they are wholly conclusory and lack the requisite foundation.  Accordingly, Plaintiffs' Motion should be denied.

<u>**BACKGROUND**</u>

I.    **FACTUAL BACKGROUND**

 A.    **The Bloomberg Terminal**

  Bloomberg develops and markets the Bloomberg Terminal (the "Terminal"), as well as various ancillary products.  (Behm ¶ 5.)  The Terminal provides financial news, data, analytics, and trading platforms to hundreds of thousands of subscribers worldwide.  (*Id.*)  The vast majority of Bloomberg's clients are finance and business professionals.  (*Id.* ¶ 6.)  The Terminal is a central component of these clients' workflow, from idea generation to execution and everything in between, including financial analysis, portfolio management, and communication with colleagues and customers alike.  (*Id.*)  The Terminal provides clients with access to the highest quality news and data in a highly customizable, real-time platform, equipped with functionality that allows clients to sift through this information, manipulate and analyze it, and export it for even higher-level use.  (*Id.*) Bloomberg's success is driven by its ability to make its technology accessible so that clients can integrate the full capabilities of the Terminal into their business operations.  (*Id.* ¶ 7.)

### B.     Installations Reps

Plaintiffs were employed by Bloomberg as Installations Reps.[1]  Installations Reps advise new and existing Bloomberg clients on how to integrate the Terminal and other Bloomberg products into the clients' operations so as to best facilitate the clients' attainment of their business objectives.  (Behm ¶ 7.)  Installations Reps have project management responsibilities to ensure that the integration process meets the clients' needs.  (*Id.*)  They must determine which resources to draw upon and coordinate among both internal Bloomberg resources and client resources to meet project deadlines.  (*Id.* ¶ 10.)  To function effectively, Installations Reps must develop relationships with their clients and acquire specialized knowledge about their businesses, personnel, order preferences, and network and infrastructure.  (*Id.* ¶ 8.)

Installations Reps work with multiple clients simultaneously.  (*Id.* ¶ 10.)  They decide for themselves how to allocate their time to competing project deadlines so as to accomplish all necessary tasks.  (*Id.*)  As a client-focused position, Installations Reps' duties vary depending on the nature of their assigned accounts.  (*Id.* ¶¶ 11.)

In addition to working with their clients, some Installations Reps become internal experts and liaisons to other Bloomberg teams.  (*Id.* ¶ 12.)  For example, an Installations Rep who is experienced in dedicated circuit installations became a liaison to the Communications team.  (*Id.*) In that role, the Installations Rep works with Communications to review Metro-ethernet expansion progress updates, advises on cross-departmental workflow enhancements, and serves as a point of contact for any circuit related issues pertaining to both teams.  (*Id.*)  Another Installations Rep has led several efforts with Bloomberg's R&D and Engineering teams,

---

[1]  Plaintiff Martinez worked as an Installations Rep from approximately 2004 until March 2015, Plaintiff Franke from approximately June 2012 until October 2014, and Plaintiff Moy from approximately July 2015 until November 2016.  (Dkt. 1 ¶¶ 23, 26, 29.)

including working on projects related to migration to a new work environment for monitoring installations orders and assessing systems risks surrounding installation workflow.  (*Id.*)

Installations Reps also have opportunities to work on a variety of strategic projects.  (*Id.* ¶ 13.)  One such project involves monitoring clients' use of bandwidth and advising clients about opportunities to increase bandwidth.  (*Id.*)  Another project undertaken by Installations Reps was the "SFTP Project," which involved Installations Reps conferring with and advising clients on transitioning to a more secure connectivity with Bloomberg.  (*Id.*)

Installations Reps must be proactive about managing client needs.  (*Id.* ¶ 14.)  They work independently and generally without direction from their supervisors, called Team Leaders.  (*Id.*) Given the range of projects managed by Installations Reps and their clients' myriad needs, there is a wide variety in the workflow from one day to the next and from one Installations Rep to the next.  (*Id.* ¶ 15.)  Given their autonomy in deciding how to manage their projects, Installations Reps do not have a standardized way in which they utilize their time.  (*Id.*)

## II.    PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on June 16, 2017.  (Dkt. 1.)  Less than one month later, on July 12, 2017, Plaintiffs filed a letter with the Court seeking leave to move for conditional certification.  (Dkt. 14.)  On July 17, 2017, Bloomberg filed its own letter seeking leave to move to dismiss Plaintiffs' Complaint.  (Dkt. 17.)  On July 19, 2017, the Court issued a case management plan (Dkt. 20), setting deadlines for the filing of Plaintiffs' Motion and Bloomberg's motion to dismiss Plaintiffs' Complaint.  On July 28, 2017, Plaintiffs filed the Motion.  (Dkt. 21.)  In support of the Motion, Plaintiffs submitted their own, nearly identical declarations (Dkt. 24-26), but they did not submit declarations from anyone else.

<u>**ARGUMENT**</u>

**I.    THE COURT SHOULD DENY PLAINTIFFS' MOTION AS MOOT.**

The Motion should be denied as moot because Plaintiffs have not stated a cognizable claim for overtime compensation under the FLSA. As detailed in Bloomberg's motion to dismiss (Dkt. 30), Plaintiffs' Complaint should be dismissed in its entirety because it is devoid of factual allegations that raise the right to relief above the speculative level. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Plaintiffs have not pled viable individual claims against Bloomberg, they cannot maintain a collective action suit. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529, 185 L. Ed. 2d 636 (2013); *see Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 461 (S.D.N.Y. 2014) ("The plaintiff has moved for collective certification and court-authorized notice under FLSA Section 16(b). Given that the plaintiff's claims are dismissed, the plaintiff's motion under Section 16(b) is denied as moot."), *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015); *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 878 (6th Cir. 2012) ("[A] lead plaintiff cannot … represent opt-in plaintiffs without a viable claim."); *Young v. Cty. of Nassau*, No. 09 CV 3830, 2011 WL 4406957, at *8 (E.D.N.Y. Sept. 21, 2011) ("As plaintiffs' federal claims have been dismissed under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim…. the Court hereby dismisses as moot plaintiffs' motion for conditional certification of the class."); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 253 (S.D.N.Y. 1997) ("Obviously, if the Court deems this action ripe for dismissal, it would be futile to send class notice to other potential plaintiffs, and plaintiffs' motion would be moot."). Given the absence of any sustainable FLSA claims, Plaintiffs' Motion should be denied as moot.

II.     **PLAINTIFFS DO NOT SATISFY THE CONDITIONAL CERTIFICATION
        STANDARD.**

Plaintiffs also fail to satisfy the standard for conditional certification.  To obtain

conditional certification, Plaintiffs must make a threshold showing that they are "similarly

situated" to proposed collective members.  29 U.S.C. § 216(b).  This requires that they proffer

evidence that the putative collective members were subject to a "common policy or plan that

violated the law" and are "similarly situated with respect to [the] job requirements .... on which

the criteria for many FLSA exemptions are based."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d

Cir. 2010).  Plaintiffs bear the burden of proof on these issues, *see Guillen v. Marshalls of MA,

Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010), and courts have discretion in deciding whether

to grant conditional certification, s*ee Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169, 171-

72 (1989).  Although the Plaintiffs' burden at the conditional certification stage is "modest,"

certification at this stage "is not automatic."  *Jenkins v. TJX Cos. Inc.*, 853 F. Supp. 2d 317, 322

(E.D.N.Y. 2012).  Rather, plaintiffs' showing "must [ ] be based on some substance," *Guillen*,

750 F. Supp. 2d at 480, and "cannot be satisfied [ ] by unsupported assertions."  *Myers*, 624 F.3d

at 555 (citation omitted).  Courts "must [ ] take a measured approach when addressing a request

for collective action certification, mindful of the potential burdens associated with defending

against an FLSA claim involving a large and broadly defined collective group of plaintiffs."

*Fraticelli v. MSG Holdings, L.P.*, No. 13 CIV. 6518 JMF, 2014 WL 1807105, at *1 (S.D.N.Y.

May 7, 2014) (internal citations omitted).  Here, because Plaintiffs have failed to establish that

the proposed collective was subject to a common unlawful policy and is similarly situated with

respect to their job duties, Plaintiffs' Motion should be denied.

### A.   Plaintiffs Have Not Demonstrated a Common Unlawful Policy or Plan.

In cases such as the present in which the defendant classified the putative collective members as exempt from overtime (Dkt. 26 ¶ 30), Plaintiffs must make a preliminary showing that they and potential opt-in plaintiffs "together were victims" of a common classification policy that "violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). While this burden is, at this stage, a "modest" one, certification is not automatic. *Jenkins*, 853 F. Supp. at 322. "Plaintiffs cannot meet their burden…. merely by pointing to the fact that the employer has classified all employees in a particular job category as exempt." *Costello v. Kohl's Illinois, Inc.*, No. 1:13-CV-1359-GHW, 2014 WL 4377931, at *4 (S.D.N.Y. Sept. 4, 2014). Indeed, "numerous courts in this Circuit have held [that] the mere classification of a group of employees - even a large or nationwide group - as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes." *Jenkins*, 853 F. Supp. 2d at 323. Rather, "[t]he critical question is whether the policy of classifying a group of employees as exempt violates the FLSA." *Warman v. Am. Nat'l Standards Inst.*, 193 F. Supp. 3d 318, 324 (S.D.N.Y. 2016). Accordingly, Plaintiffs bear the burden of presenting at least some minimal factual showing, predicated on common evidence, that Bloomberg's classification of them and the entire putative collective as exempt violated the FLSA. *See id.*; *Guillen*, 750 F. Supp. 2d at 478 (denying conditional certification where plaintiff failed to show that he and potential opts-in were similarly situated with respect to the allegation that they spent the majority of their time performing non-exempt tasks); *Jenkins,* 853 F. Supp. 2d at 324-25 (denying conditional certification where plaintiff failed to show that proposed nationwide group of collective members performed non-exempt tasks).

Plaintiffs' Motion should be denied because they do not even attempt to demonstrate that Bloomberg's classification policy violates the FLSA. (Dkt. 22, pgs. 9-11.) Plaintiffs merely assert that (1) they all worked in the same department and performed the same work; (2) they all worked more than 40 hours a week; and (3) they all were paid a salary for their work, and were not paid overtime. (Dkt. 22, pgs. 11-12.) These assertions are consistent with Installations Reps' classification as exempt, but they do not even touch on the critical issue of whether Bloomberg's classification decision complies with the FLSA. Courts routinely deny conditional certification when plaintiffs submit such paltry showings. *See Brown v. Barnes & Noble, Inc.*, No. 16CV07333RAKHP, 2017 WL 1653576, at *5 (S.D.N.Y. May 2, 2017) (Parker, M.J.) (defendant's classification of employees as "exempt, standing alone, is insufficient to satisfy the low threshold for conditional certification."); *Fraticelli*, 2014 WL 1807105, at *1 (undisputed policy of non-payment insufficient to establish common policy or plan that violated the law; issue turned on "[w]hether [defendant] was legally obligated to pay" the proposed collective members under the claimed exemption); *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 351 (E.D.N.Y. 2015) ("mere fact of a common FLSA-exempt designation" insufficient to find proposed collective "similarly situated") (collecting cases).

Plaintiffs' allegation that so-called "call center" employees within *other* Bloomberg departments or other companies are non-exempt (Dkt. 22, pgs. 10-11) clearly does not demonstrate that the Installations Reps were misclassified. The exempt status of Installations Reps turns on their *own* duties and all of the facts and circumstances relevant to *them*, s*ee* 29 C.F.R. § 541.700(a); the duties of other employees are not relevant.[2] Furthermore, Installations

---

[2] Plaintiffs cite to *Siegel v. Bloomberg L.P.*, No. 13-CV-1351 DLC, 2015 WL 223781 (S.D.N.Y. Jan. 16, 2015), a case in which employees whose primary duty was to provide technical support to other Bloomberg employees were found to be non-exempt. (Dkt. 22, pg. 10.)

Reps' duties of advising Bloomberg clients on the integration of the Terminal into the clients' operations (Behm ¶ 7), serving as project managers to ensure that the integration process meets the clients' needs (*id.*), and coordinating the deployment of Bloomberg internal resources and client resources to meet project deadlines (*id.* ¶ 10) are the precise type of duties that courts find to be exempt under the FLSA. *See, e.g., Verkuilen v. MediaBank, LLC*, 646 F.3d 979, 980 (7th Cir. 2011) (Posner, J.) (account manager found exempt where she "acted as a bridge between the software developers and the customers, helping to determine the customers' needs, then relaying those needs to the developers and so assisting in the customization of the software, and finally helping the customers use the customized software.").

Plaintiffs argue (Dkt. 22, pg. 10) that the "Court does not need to evaluate the merits of the case to decide" their Motion. To be sure, the Court need not at this stage decide the ultimate issues of whether Plaintiffs and the putative collective members are exempt. But the Court *does* need to evaluate whether Plaintiffs have presented at least a modest factual showing of a misclassification applicable to the entire collective. *See Myers*, 624 F.3d at 555; *Guillen*, 750 F. Supp. 2d at 478; *Jenkins*, 853 F. Supp. 2d at 324-25. Because Plaintiffs have failed to meet this standard, their Motion should be denied. *See Warman*, 193 F. Supp. 3d at 324; *Myers*, 624 F.3d at 555.

---

However, "the Court cannot rely on judicial rulings in prior cases involving [defendant] to justify conditional certification" of a collective action, "but must evaluate the evidence that Plaintiffs have introduced in these proceedings." *Hodzic v. Fedex Package Sys., Inc.*, No. CV 15-956, 2016 WL 6248078, at *8 (W.D. Pa. Oct. 26, 2016) (internal citations omitted). That is particularly true because Plaintiffs concede that those prior cases involved employees who worked in "different job positions" (Dkt. 22, pg. 9) and in "different departments" (Dkt. 22, pg. 10). Plaintiffs offer no persuasive explanation for why those prior cases should factor into this Court's ruling, and the fact that Bloomberg is a common defendant in this and the *Siegel* action is not such a reason.

**B.      Plaintiffs Have Not Established That They Were Similarly Situated with Respect to Their Job Duties.**

Conditional certification should be denied for the separate and independent reason that Plaintiffs have failed to demonstrate that "there are other employees . . . who are similarly situated with respect to their job requirements .... on which the criteria for many FLSA exemptions are based." *Myers*, 624 F.3d at 555.  Indeed, the evidence before the Court indicates that Plaintiffs' duties are materially *dissimilar* from other Installations Reps.  Plaintiffs allege that they provided basic technical support and assisted new and existing customers with the installation of new products or services.  (Dkt. 24 ¶ 11; Dkt. 25 ¶ 10; Dkt. 26 ¶ 11.)  Plaintiffs add that they contacted assigned customers in order to schedule installations and that, during installations, they were in contact with customers to answer questions, perform basic troubleshooting, and notify other departments within Bloomberg when additional assistance was required.  (Dkt. 24 ¶¶ 12-13; Dkt. 25 ¶¶ 11-12; Dkt. 26 ¶¶ 12-13.)  However, other Installations Reps perform a broad range of other important functions.  They are responsible for advising new and existing Bloomberg clients on the integration of the Terminal and other Bloomberg products into the clients' operations in ways that will best facilitate the clients' attainment of their business objectives.  (Behm ¶ 7.)  They have project management responsibilities, *id*., and they are expected to develop specialized knowledge of their assigned clients, including their clients' internal teams and areas of responsibility and their order preferences and networks and infrastructures, to better integrate the full capabilities of the Terminal into their clients' business operations.  (*Id*. ¶¶ 7, 8.)  In addition, some Installations Reps become internal experts and liaisons to other Bloomberg teams and others work on a variety of strategic projects that are important to improving Bloomberg's operations.  (*Id*. ¶¶ 12-13.)  In brief, if Plaintiffs' duties are as limited as they say, Plaintiffs clearly are not similarly situated to the putative collective and

the exemption issues at the heart of this matter could not be resolved through common evidence, which is a mandatory requisite for conditional certification.  *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989) (notice is warranted only "in appropriate cases" where the "judicial system [would] benefit[] by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [ ] activity.").

Plaintiffs' bare, conclusory assertions that "other installations reps perform [the] same job duties [as them]" (Dkt. 24 ¶ 14, Dkt. 25 ¶ 13, Dkt. 26 ¶ 14) do not compel a different result. Plaintiffs' "modest factual showing cannot be satisfied simply by unsupported assertions." *Myers*, 624 F.3d at 555 (internal quotations omitted).  "Vague and conclusory statements that fail to specifically identify the other [employees] who are allegedly similarly situated to plaintiff[s]" are insufficient to support a conditional certification motion.  *Khan v. Airport Management Services, LLC*, No. 10 Civ. 7735(NRB), 2011 WL 5597371, at *4 (S.D.N.Y. Nov. 16, 2011). "[W]here plaintiffs fail to provide specific factual allegations, courts routinely deny leave to send a collective action notice."  *Qing Gu v. T.C. Chikurin, Inc*., No. CV 2013-2322 SJ MDG, 2014 WL 1515877, at *4 (E.D.N.Y. Apr. 17, 2014) (Go, M.J.) (collecting cases).

The only purported support Plaintiffs offer for their claims that other Installations Reps performed the same duties as them is their allegation that they are "aware of the working conditions" of other employees through their personal observations.  (Dkt. 24 ¶ 10, Dkt. 25 ¶ 10, Dkt. 26 ¶ 10.)  Plaintiffs, however, have not provided any details supporting these alleged observations.  They do not identify whom they supposedly observed or how they supposedly had the vantage point to assess coworker duties when Installations Reps individually deal with their own assigned customers through calls, emails, and instant messages.  S*ee* Dkt. 24 ¶ 11, Dkt. 24 ¶ 9, Dkt. 24 ¶ 11.  Plaintiffs' "foundation for conditional certification in this case is [thus] at least

as weak as those in several other cases from this District, in which courts denied conditional

certification." *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc*., No. 13-CV-60

ILG, 2013 WL 5132023, at \*5 (E.D.N.Y. Sept. 12, 2013) (Mann, M.J.); *see Sanchez v. JMP

Ventures, L.L.C.*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at \*2 (S.D.N.Y. Jan. 27, 2014)

(denying conditional certification where plaintiff alleged a "common practice" based on his

"observations and conversations with other employees," but failed to provide "*any* detail as to a

*single* such observation or conversation"); *Khan*, 2011 WL 5597371 at \*4 (denying conditional

certification where plaintiff claimed to have personal knowledge of at least 40 similarly situated

employees, but failed to identify them by name or explain the basis for his alleged knowledge);

*Qing Gu,* 2014 WL 1515877 at \*4 (denying conditional certification where plaintiffs made "only

general allegations" but failed to "provide any factual detail about the other employees, such as

names of fellow employees whom they observed or with whom and when they had

conversations.").

  Because Plaintiffs have failed to establish that their duties are similar to those of other

collective members - and because the record evidence indicates just the opposite - conditional

certification should be denied.  *See Vargas v. HSBC Bank USA, N.A*., No. 11 CIV. 7887 DAB,

2012 WL 10235792, at \*4 (S.D.N.Y. Aug. 9, 2012) (denying conditional certification in

exemption case where "different Fund Accountants ha[d] very different understandings of their

own job duties and spen[t] their time on the job doing very different things"); *Guillen v.

Marshalls of MA, Inc*., 750 F. Supp. 2d 469, 477 (S.D.N.Y. 2010) (fact that a few employees

may have performed tasks in contravention of their written job requirements failed to

demonstrate that others were similarly situated); *Mike v. Safeco Ins. Co.,* 274 F. Supp. 2d 216,

220-21 (D. Conn. 2003) (denying notice where plaintiff failed to "provide[] evidence of a common thread binding his proposed class of employees").

## III.   PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM ARE DEFECTIVE.

Although the Court should not grant the Motion, if it does, the Court should rule that Plaintiffs' proposed notice and consent form are defective.  Plaintiffs' proposed notice and consent form suffer from multiple flaws.  Notice must be "accurate" and must provide sufficient information to allow "informed decisions about whether to participate."  *Hoffman-LaRoche*, 493 U.S. at 170.  Plaintiffs' proposed notice (Dkt. 23-1) fails to meet this standard for numerous reasons, including:

First, the notice form does not accurately describe who may join the suit.  Plaintiffs' proposed collective is described as "current or former installations representative who have worked in this position at any point in the last three years, who was not paid time and one-half for hours over 40 worked in one or more weeks."  (Dkt. 1 ¶ 13.)  Instead of using this language, however, the Notice contains a broader definition of any "current or former Installations Representative or Installations Coordinator who worked for Bloomberg at any point in the last three years."  (Dkt. 23-1, pg. 2.)  Plaintiffs' proposed notice does not limit the collective to those who allegedly worked over 40 hours in a week during the last three years.  The proposed notice likewise does not limit the collective to individuals who have worked as Installations Reps in the last three years (as opposed to working in any position for Bloomberg in the last three years).  By failing to accurately define the potential opt-in collective, the notice if defective.

Second, Plaintiffs' notice fails to advise opt-in plaintiffs that they may be required to participate in discovery if they join this suit.  Courts consistently modify notices that fail in this respect.  *See Velasquez v. Digital Page, Inc.*, No. CV 11-3892 LDW AKT, 2014 WL 2048425, at *12 (E.D.N.Y. May 19, 2014) (modifying notice to advise: "If you join this lawsuit, you may be

asked to give testimony and information about your work for [defendant], to help the Court decide whether you are owed any money."); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 CIV. 8629 KPF, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013) (same); *Shajan v. Barolo, Ltd.*, No. 10 CIV. 1385 (CM), 2010 WL 2218095, at *2 (S.D.N.Y. June 2, 2010) (modifying notice to provide that opt-ins "may be required to participate in the process known as pre-trial discovery, which may involve answering questions under oath, orally or in writing; they may also be required to testify at trial."); *Bah v. Shoe Mania, Inc.*, No. 08CIV.9380LTSAJP, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) (modifying notice to advise potential plaintiffs that "if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; [and] (3) testify at trial"); *Romero v. Flaum Appetizing Corp.*, No. 07 CIV. 7222BSJ, 2009 WL 2591608, at *6 (S.D.N.Y. Aug. 17, 2009) (modifying notice to include "[l]anguage stating that opt-in plaintiffs may be called upon to provide deposition or trial testimony under oath, respond to document requests, and/or respond to other requests for information.").

Third, Plaintiffs' notice is misleading concerning the costs that opt-in plaintiffs may incur. The only mention of costs in Plaintiffs' proposed notice informs putative opt-ins that they will not "owe any money for attorneys' costs or fees." (Dkt. 23-1.) However, the notice does not advise opt-in plaintiffs that they may incur costs associated with the litigation. Courts routinely modify notices that fail in this respect. *See Bah*, 2009 WL 1357223 at *4 (modifying notice to advise potential plaintiffs that "if they opt in, they may be asked to….pay litigation costs."); *Hallissey v. Am. Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (same); *Gjurovich v. Emmanuel's Marketplace*, Inc., 282 F. Supp. 2d 101, 107 (S.D.N.Y. 2003) (ordering notice to read: "You may also be held liable for costs associated with this lawsuit"). Plaintiffs' consent to sue form (Dkt. 23-1) is deficient for the same reason.

- 14 -

Fourth, Plaintiffs' notice fails to provide the contact information of counsel for Bloomberg, which courts routinely require. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 486 (S.D.N.Y. 2016) ("the contact information of defendants' counsel is appropriate for inclusion in a notice of collective action.") (internal citations omitted); *Bah*, 2009 WL 1357223 at *4 ("The notice must also include the contact information of counsel for Defendants as one source from whom potential plaintiffs could obtain information."); *Gjurovich*, 282 F. Supp. 2d at 107 (providing contact information for defendants' counsel).

Fifth, the reference in the notice to a "class" is misleading and should be removed. *See Bah*, 2009 WL 1357223 at *4 ("The Court also agrees that any reference to a "class" would be unduly misleading to a layperson, given that this action is not brought as a class action.").

Sixth, the notice is misleading in that it suggests that the only way for Installations Reps to recover for claims they may have against Bloomberg is to join this lawsuit.  Plaintiffs' notice advises opt-ins that if they do not join this lawsuit, they "will not be able to receive any share of any settlement or judgment that the Installations Representatives may obtain under federal law." (Dkt. 23-1.)  The notice does not explain that individual Installations Reps may separately seek to recover against Bloomberg, and that they would only be precluded from sharing in recovery for the collective, and not from recovering at all against Bloomberg, if they do not join this suit.

In light of these defects, and others, the appropriate course if this Court were to grant some form of conditional certification is to order the parties to confer regarding the notice and consent form, and submit any disputes to the Court. *See, e.g. Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369-70 (S.D.N.Y. 2007) (granting "thirty days . . . to negotiate and present to the court a mutually agreeable class notice").

**IV.    PLAINTIFFS SHOULD NOT BE PERMITTED TO SEND NOTICE USING EMAIL.**

The Court should reject Plaintiffs' request (Dkt. 22, pgs. 12-13) to disseminate notice by email. First-class mail is far and away the preferred notice method. *Gonzalez v. Scalinatella, Inc.*, 2013 WL 6171311, at *5 (S.D.N.Y. Nov. 25, 2013) (first-class mail sufficient and requiring no production of e-mail addresses); *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 463 (E.D.N.Y. 2014) (rejecting plaintiffs' request to send notice by email because "notification by electronic mail could create risks of distortion or misleading notification through modification of the notice itself or the addition of commentary."); *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007) (rejecting notice to class by electronic mail because "notification by electronic mail creates risks of distortion or misleading notification that are substantially reduced when first-class mail is used.").

**V.    PLAINTIFFS SHOULD NOT BE ALLOWED TO SEND A REMINDER NOTICE.**

The Court should deny Plaintiffs' request (Dkt. 22, pg. 14) to send a reminder notice. Such a notice would create the false impression that the Court is encouraging individuals to join. *See Witteman v. Wis. Bell, Inc.*, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) (rejecting request for reminder FLSA notice; "the reminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit"). "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." *Id; see also Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 358 (E.D.N.Y. 2012) (denying plaintiffs' request to distribute a reminder notice when plaintiffs did "not identif[y] any reason why a reminder notice [wa]s necessary"); *Smallwood v. Illinois Bell Tel. Co.*, 710 F.Supp.2d 746, 753–54 (N.D.Ill.2010) ("[A] reminder is unnecessary and potentially could be interpreted as encouragement by the Court to join the

lawsuit.") (internal quotation marks omitted); *Robinson v. Ryla Teleservices, Inc*., No. 11–CV–131, 2011 WL 6667338, at *4 n. 7 (S.D.Ala. Dec. 21, 2011) (adopting the reasoning in *Witteman* and denying the plaintiffs' request to send a reminder notice to the putative class).

## VI. PLAINTIFFS' REQUEST FOR DATES OF BIRTH AND LAST FOUR DIGITS OF SOCIAL SECURITY NUMBERS SHOULD BE DENIED AS AN INVASION OF PRIVACY.

Courts disfavor the disclosure of private information, such as dates or birth and social security numbers, because they are an unnecessary invasion of privacy. *See, e.g. Jie Zhang v. Wen Mei, Inc.*, 2015 WL 6442545, at *7 (E.D.N.Y. Oct. 23, 2015) (denying request for social security numbers because the plaintiffs "have not established a particularized need" for this information); *Velasquez*, 2014 WL 2048425, at *15 (denying request for dates of birth and social security numbers); *Brabham v. Mega Tempering & Glass Corp*., No. 13–CV–54, 2013 WL 3357722, at *8 (E.D.N.Y. July 3, 2013) ("The purpose of the production of potential opt-in plaintiffs is to enable Plaintiffs to notify them of the collective action ... The production of…. birth dates and Social Security numbers are not necessary for Plaintiffs to perform their notification task.") (internal citation omitted).  Plaintiffs have failed to demonstrate that this information is necessary at this stage of the litigation.  Plaintiffs' argument that this information should be provided so that they can perform "skip traces" is unavailing.  Courts consistently deny plaintiffs' requests for this information where notice has not even been mailed and there has been no showing that such personally identifying information will be necessary. *See Zaldivar v. JMJ Caterers, Inc*., 166 F. Supp. 3d 310, 326–27 (E.D.N.Y. 2016) (premature to order production of social security numbers for skip trace before notice has been mailed out); *Benavides v. Serenity Spa NY Inc*., 166 F. Supp. 3d 474, 489 (S.D.N.Y. 2016) (declining to allow production of Social Security numbers for potential collective action members before plaintiff has demonstrated, with specificity, the necessity of such sensitive information); *Guan Ming Lin v.*

*Benihana Nat. Corp.*, 275 F.R.D. 165, 179 (S.D.N.Y. 2011) (plaintiffs' argument that social security numbers necessary for skip traces is insufficient to overcome privacy concerns, particularly where plaintiffs have failed to show that their efforts at disseminating notice are impeded by the lack of collective action members' social security numbers). Because Plaintiffs cannot demonstrate that employees' dates of birth and last four digits of social security numbers are necessary to effectively disseminate notice, this request should be denied.

## VII.   PLAINTIFFS' REQUEST FOR EMPLOYEE IDENTIFICATION NUMBERS SHOULD BE DENIED AS PREMATURE.

Seeking to use the notice process to obtain discovery about individuals who have not even opted to join a potential collective action, Plaintiffs request information about employee identification numbers for the entire potential opt-in collective. Such information is not needed to effectuate notice and, in fact, Plaintiffs concede that they consider such information to be "necessary for merits and damages issues" (Dkt. 22, pg. 17) "as litigation progresses" (Dkt. 22, pg. 16). Having failed to make any showing that this information is necessary at the notice stage, Plaintiffs' request for employee identification numbers should be denied. *See Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 215 (S.D. Ohio 2011) (defendant not required to produce employee identification numbers).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should deny Plaintiffs' Motion in its entirety.

JONES DAY

Dated:  August 28, 2017

By:   _s/ Matthew W. Lampe_____
Matthew W. Lampe
Terri L. Chase
Eric Distelburger
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: 212.326.3939
Fax: 212.755.7306
mwlampe@JonesDay.com
tlchase@jonesday.com
edistelburger@jonesday.com

*Attorney for Defendant Bloomberg L.P.*