**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
JULIO MARTINEZ, et al., on Behalf of :
Themselves and Others Similarly Situated, :
                                          :
                          Plaintiffs, :
                                          :
          - against -                     :
                                          :
BLOOMBERG L.P.,                           :
                                          :
                          Defendant. :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/7/17

17 Cv. 4555 (RMB)

**DECISION & ORDER**

Having reviewed the record herein, including (1) Plaintiffs' Complaint, dated June 16,

2017 ("Complaint"), seeking unpaid overtime wages pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 et seq.; (2) Plaintiffs' motion to conditionally certify an FLSA

collective action on behalf of similarly situated Installation Representatives, dated July 28, 2017,

with four supporting declarations ("Plaintiffs' Declarations")[1]; (3) Defendant's opposition to

conditional certification, dated August 28, 2017, and Defendant's supporting declaration, dated

August 24, 2017; (4) Plaintiffs' reply, dated September 12, 2017; (5) Defendant's motion to

dismiss the Complaint, dated August 28, 2017; (6) Plaintiffs' opposition, dated September 11,

2017, attaching Plaintiffs' Proposed Amended Complaint, dated September 11, 2017 ("Amended

Complaint"); and (7) Defendant's reply, dated September 19, 2017, the Court finds and directs as

follows:

---

[1] The four Declarations include: Decl. of Artemio Guerra, dated July 28, 2017 ("Guerra
Declaration" or "Guerra Decl."); Decl. of Irene Moy, dated July 25, 2017 ("Moy Declaration" or
"Moy Decl."); Decl. of Richard Franke, dated July 24, 2017 ("Franke Declaration" or "Franke
Decl."); Decl. of Julio Martinez, dated July 24, 2017 ("Martinez Declaration" or "Martinez
Decl.").

1 -  Plaintiffs' motion to conditionally certify an FLSA collective action [#21] is granted. Plaintiffs and other Installations Representatives share "similar workplace responsibilities, the same location of employment, and similar salary and overtime practices. This showing is all that is required under § 216(b) [of the FLSA]." Michael v. Bloomberg L.P., 2015 WL 1810157, at *2 (S.D.N.Y. Apr. 17, 2015).

2 -  The parties are directed forthwith to meet and confer and submit to the Court a **joint** proposed notice to class members by December 11, 2017 (noon).

3 -  Defendants' motion to dismiss [#29] is denied. To be sure, the Complaint has some weaknesses. Plaintiffs could have included in their Complaint additional context to explain, for example, how they worked more than forty hours in a week, including the length, frequency, and nature of their alleged overtime work. Lawtone-Bowles v. City of New York, 2017 WL 4250513, at *5 (S.D.N.Y. Sept. 22, 2017); see also Bustillos v. Acad. Bus, LLC, 2014 WL 116012, at *3-*4 (S.D.N.Y. Jan. 13, 2014). The failure of Plaintiffs to cite a specific week when they worked overtime is also a weakness but is not fatal where, as here, Plaintiffs' baseline workweek is 40 hours. Lawtone-Bowles, 2017 WL 4250513, at *5.

At the same time, the Amended Complaint does provide adequate additional information. See Amended Complaint ¶¶ 37, 40, 46; see also Cruz v. Rose Assocs., LLC, 2013 WL 1387018, at *1-*3 & n.1 (S.D.N.Y. Apr. 5, 2013) (where "[a]long with his Opposition to Defendant's Motion [to Dismiss], Plaintiff also filed an Amended Complaint"). For example, the Amended Complaint alleges that Defendant required Plaintiffs to "work[] before their shift began [in order] to log into Defendant's computer system." Amended Complaint ¶ 37. The Amended Complaint also alleges that Plaintiff Martinez "worked on installations that could take an additional 3 to 4 hours to complete after hours and on the weekend;" Plaintiff Franke "worked on installations that

could take over 3 hours to complete after hours and on the weekend;" and Plaintiff Moy "worked on installations that could take an additional 6 hours to complete after hours and on the weekend." Id. ¶ 40. The Amended Complaint also alleges that "[w]hen working on installations from home, [Plaintiff Martinez] worked 45 to 50 hours in a week." Id. ¶ 46 (internal quotation marks omitted). The Amended Complaint also alleges that Plaintiff Franke and Plaintiff Moy each "worked over 45 hours a week in the office" and that "[w]hen working on installations from home and when [they] w[ere] assigned to work on a weekend [they] worked over 50 hours a week." Id. (internal quotation marks omitted). The Amended Complaint is sufficient to defeat Defendant's motion.[2] See Lawtone-Bowles, 2017 WL 4250513, at *5; Humphrey v. Rav Investigative & Sec. Servs. Ltd., 169 F. Supp. 3d 489, 497 (S.D.N.Y. 2016).

   4 -  A status/settlement conference with counsel and the parties is hereby scheduled for December 21, 2017 at 12:45 p.m.

---

[2] If the Court were to consider the allegations in Plaintiffs' Declarations, which the Amended Complaint references and quotes from, there would be even stronger support behind Plaintiffs' litigation. See, e.g., Corley v. City of New York, 2015 WL 5729985, at *1 n.1 (S.D.N.Y. Sept. 30, 2015); Ruff v. Genesis Holding Corp., 728 F. Supp. 225, 226 n.2 (S.D.N.Y. 1990). For example, the Moy Declaration states: "I would arrive 15 minutes before my shift to log into my computer to be ready to take calls the minute my shift started. I and other Installations Representatives also worked during meal periods to complete calls. For example, because every customer with an installation order needs to be contacted by the end of the day, I had to work through my lunch break to be able to contact all customers assigned to me." Moy Decl. ¶¶ 20-21. The Franke Declaration states: "I would arrive 5 to 10 minutes before my shift to log into my computer to be ready to take calls the minute my shift started. I and other Installations Representatives also worked during meal periods to complete calls. For example, if I was scheduled to take lunch at 2:00pm and I received a call at 1:59pm I would have to stay on that call and work through my lunch break. . . . I and other Installations Representatives worked past the end of our shifts to finish calls, update work tickets, work on other projects, and log off of the computer systems. For example, there were times when I had to work past the end of my shift to review installation orders and update the customers' information." Franke Decl. ¶¶ 20-21, 23. The Martinez Declaration states: "I would arrive 5 to 10 minutes before my shift to log into my computer to be ready to take calls the minute my shift started." Martinez Decl. ¶ 19.

**Decision & Order**

For the reasons stated herein, Plaintiffs' motion to conditionally certify an FLSA

collective action [#21] is granted and Defendant's motion to dismiss [#29] is denied.


Dated: December 7, 2017
New York, New York

*RMB*

RICHARD M. BERMAN
U.S.D.J

4