# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281-1047
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8338
mwlampe@JonesDay.com

December 11, 2017

**Via ECF**
Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, New York 10007

      Re:    Martinez et al. v. Bloomberg, L.P.
              SDNY Case No. 1:17-cv-04555 (RMB)(DCF)

Dear Judge Berman:

      We are writing to address the dispute with Plaintiffs concerning the bracketed language in the proposed FLSA collective action notice form (submitted by Plaintiffs at Dkt. No. 41-1). Specifically, Bloomberg has proposed adding the following language: "If you join this lawsuit, you may be called upon to provide deposition or trial testimony under oath or to respond to requests for documents or other information." "Courts routinely grant requests that prospective members be notified of the possibility that they will be required to participate in discovery and testify at trial." *Hernandez v. City of New York*, No. 16-CV-3445 (RA), 2017 WL 2829816, at *8 (S.D.N.Y. June 29, 2017) (internal quotations omitted) (collecting cases). Thus, Bloomberg's proposed language should be included in the notice.

      Numerous courts in this District have approved of the same or similar language proposed by Bloomberg here. *See, e.g., Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237 (PAE), 2016 WL 30334, at *18 (S.D.N.Y. Jan. 4, 2016) (granting defendant's request to inform potential opt-

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES
MADRID • MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Honorable Richard M. Berman
December 11, 2017
Page 2

ins that they may be required to respond to written questions, be deposed, and testify at trial because "[c]ourts in this District routinely approve similar requests."); *Velasquez v. Digital Page, Inc.*, No. CV 11-3892 LDW AKT, 2014 WL 2048425, at *12 (E.D.N.Y. May 19, 2014) (modifying notice to advise: "If you join this lawsuit, you may be asked to give testimony and information about your work for [defendant], to help the Court decide whether you are owed any money."); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 CIV. 8629 KPF, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013) (same); *Shajan v. Barolo, Ltd.*, No. 10 CIV. 1385 (CM), 2010 WL 2218095, at *2 (S.D.N.Y. June 2, 2010) (modifying notice to provide that opt-ins "may be required to participate in the process known as pre-trial discovery, which may involve answering questions under oath, orally or in writing; they may also be required to testify at trial."); *Bah v. Shoe Mania, Inc.*, No. 08CIV.9380LTSAJP, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) (modifying notice to advise potential plaintiffs that "if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; [and] (3) testify at trial"); *Romero v. Flaum Appetizing Corp.*, No. 07 CIV. 7222BSJ, 2009 WL 2591608, at *6 (S.D.N.Y. Aug. 17, 2009) (modifying notice to include "[l]anguage stating that opt-in plaintiffs may be called upon to provide deposition or trial testimony under oath, respond to document requests, and/or respond to other requests for information."). So too should this Court accept Bloomberg's proposed language.

In meet and confer discussions with Plaintiffs, they have not identified any recent decision from this Court expressly denying a defendant's request to include such a disclosure in

JONES DAY

Honorable Richard M. Berman
December 11, 2017
Page 3

the FLSA notice. Plaintiffs instead rely on the fact that their proposed notice form has been accepted in other cases. However, the point of notice is to "help potential plaintiffs determine whether they would like to opt in to this action," and including information to inform prospective members of their "potential discovery obligations" is "helpful" and is "commonly used in such notices in this District." *Hernandez*, 2017 WL 2829816 at *8. "To help potential opt-in plaintiffs make an informed decision about whether to join this litigation, a brief explanation of the potential responsibilities of opt-in plaintiffs is appropriate here." *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 CIV. 3946 PAE, 2014 WL 5314822, at *5 (S.D.N.Y. Oct. 16, 2014). In fact, had Bloomberg's proposed notice language been provided in the prior case brought by Plaintiffs' counsel against Bloomberg – *Roseman et al v. Bloomberg L.P.*; 14-CV-2657 (TPG) – then the parties might have avoided the unnecessary costs of motion practice and subsequent withdrawal of opt-in forms caused by opt-in plaintiffs' apparent failure to understand that they may need to participate in discovery. (*Roseman*, Dkt 152, 169, 173, 293, 294). Because full disclosure is a fundamental purpose of the FLSA notification process, Bloomberg's proposed language should be included in the form.

In an attempt to persuade the Court not to adopt the same language that has been approved by numerous other courts in this District, Plaintiffs have proposed the addition of the following language[1]: "Whether you join this case or not you may be asked to provide

---

[1] Plaintiffs originally proposed inserting this language into the notice form, but Bloomberg rejected it for the reasons stated herein. During the meet and confer, Plaintiffs chose not to argue the merits of their proposed language and instead advised that they would merely oppose Bloomberg's proposed insertion. A copy of the email from Plaintiffs' counsel memorializing the parties' agreement is attached as Exhibit A. Less than two hours before

**JONES DAY**

Honorable Richard M. Berman
December 11, 2017
Page 4

information or documents relevant to the case." Initially, Bloomberg is not aware, and Plaintiffs have not made Bloomberg aware, of a single case that supports the inclusion of this language. Indeed, Plaintiffs' proposed addition runs counter to the purpose of the collective action notice "[t]o help potential opt-in plaintiffs make an informed decision about whether to join this litigation," *She Jian Guo*, 2014 WL 5314822, at * 5, because it represents that opt-in plaintiffs are no more likely to need to participate in discovery than individuals who choose not to join the collective. But that is highly misleading. The opt-in mechanism of the FLA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Plaintiffs proposed language seeks to flip this on its head by imposing equal obligations on party plaintiffs and non-parties. However, as other courts in this District have recognized, "Plaintiffs who never opted in to FLSA [collective actions ] never had discovery obligations imposed upon them." *Ruiz v. Citibank, N.A*, No. 10 CIV. 5950 KPF RLE, 2014 WL 4635575, at *4 (S.D.N.Y. Aug. 19, 2014). Because Plaintiffs' position is inconsistent with the purpose of the notice, and because Plaintiffs have not provided any support for their position, the Court should decline Plaintiffs' proposed insertion and instead agree to adopt Bloomberg's proposed language, which has been adopted by numerous other courts in this District. *See, e.g.*,

---

the parties' submission to the Court, Plaintiffs suddenly changed their strategy and advised that they would now be arguing in favor of this alternative language.

JONES DAY

Honorable Richard M. Berman
December 11, 2017
Page 5

*Martin*, 2016 WL 30334 at *18; *Velasquez*, 2014 WL 2048425 at *12; *Mendoza*, 2013 WL 5211839 at *9.

Very truly yours,

*Matthew Lampe*

Matthew W. Lampe

# Exhibit A

**Distelburger, Eric D.**

| | |
|---|---|
| **From:** | Artemio Guerra <aguerra@getmansweeney.com> |
| **Sent:** | Friday, December 8, 2017 2:20 PM |
| **To:** | Chase, Terri L.; Dan Getman; Carolyn Mow; Lampe, Matthew W.; Distelburger, Eric D. |
| **Subject:** | RE: Martinez et al. v. Bloomberg |

Matt and Eric:

I am writing to memorialize what we discussed today. We are okay leaving the word "judgment." Plaintiffs do not agree to add the following sentence to the fourth paragraph:

[If you join this lawsuit, you may be called upon to provide deposition or trial testimony under oath or to respond to requests for documents or other information.]

We agreed to submit the proposed notice with the disputed sentence in brackets. At noon on Monday we will file the proposed letter with a neutral cover letter and, under separate cover, each party will submit a letter regarding the disputed sentence.

You will get back to us regarding Judge Berman's request that the parties attend the settlement/status conference on December 21.

Have a good weekend.

Artemio Guerra, Esq.
Getman, Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
Tel: (845) 255-9370
Fax: (845) 255-8649
www.getmansweeney.com

*****************************************
* CONFIDENTIALITY NOTICE *

*****************************************
This e-mail message is intended only for the confidential use of the intended recipient(s). This message may contain information that is legally protected by the attorney-client and/or work product protections; as such, this message is privileged and may not be disclosed except to the intended recipient(s). If you have received this message in error, you are directed that retention of the message may be a violation of law. Please notify the sender immediately by e-mail, and delete all copies of this message and any attachments. Thank you.



1